```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
NORMA KNOPF and MICHAEL KNOPF,          :     16cv6601(DLC)
                                        :
                    Plaintiffs,         :     MEMORANDUM OPINION
                                        :         & ORDER
          -v-                           :
                                        :
MICHAEL PHILLIPS, PURSUIT HOLDINGS,     :
LLC., and MICHAEL H. SANFORD,           :
                                        :
                    Defendants.         :
                                        :
----------------------------------------X
```

APPEARANCES

For the plaintiffs:
Eric W. Berry
Berry Law PLLC
745 Fifth Avenue, 5th Floor
New York, New York 10151

For defendant Michael Phillips:
Lorraine Nadel
Adam Hanan
Michael Ciarlo
Nadel & Ciarlo P.C.
527 Madison Avenue, 7th Floor
New York, New York 10022

DENISE COTE, District Judge:

   This case was dismissed on February 1, 2018.  On July 10, defendant Michael Phillips moved for sanctions under 28 U.S.C. § 1927 and the court's inherent power against Eric W. Berry, attorney for the plaintiffs.  For the reasons explained below, the motion is denied.

**Background**

The extensive history of this litigation will only be briefly recounted. Plaintiffs Norma and Michael Knopf (the "Knopfs") and their attorney, Berry, have filed a number of lawsuits against defendant Michael Sanford and against people and entities associated with Sanford. The lawsuits arise out of a loan agreement made between Sanford and the Knopfs in 2006 for the purchase of Manhattan real estate (the "Properties"). See Knopf v. Phillips, No. 16cv6601(DLC), 2016 WL 7192102, at *1 (S.D.N.Y. Dec. 12, 2016) ("Phillips I").

In this lawsuit, the Knopfs principally claimed that the sale of one of the Properties ("PHC") by defendant Pursuit Holidngs, LLC ("Pursuit"), a company controlled by Sanford, to Phillips constituted an actual or constructive fraudulent conveyance. See Knopf v. Phillips, No. 16cv6601(DLC), 2017 WL 6561163, at *6-10 (S.D.N.Y. Dec. 22, 2017) ("Phillips II"). The Knopfs initially sued only Phillips and Pursuit, but at a conference held on September 15, 2016, Sanford appeared and requested to be added to the case as a defendant. See Knopf v. Phillips, No. 16cv6601(DLC), 2018 WL 1320267, at *1 (S.D.N.Y. Feb. 1, 2018) ("Phillips III"). On the consent of the parties, Sanford's request was granted. See id. The Knopfs then filed a second amended complaint ("SAC"), which re-asserted the fraudulent conveyance claims and added claims of breach of

2

fiduciary duty, alter ego, and constructive trust against Sanford. See id.

The defendants' motions to dismiss were granted in part in December 2016, after which remained fraudulent conveyance claims against Phillips and Pursuit, and alter ego, breach of fiduciary duty, and constructive trust claims against Sanford.[1] See Phillips I, 2016 WL 7192102, at *9. The parties then engaged in discovery and, in late 2017, all parties moved for summary judgment. In December 2017, the Knopfs were granted summary judgment on their alter ego claim against Sanford. See Phillips II, 2017 WL 6561163, at *13. Phillips was granted summary judgment on the Knopfs' fraudulent conveyance claims, and no claims remained against him. See id. The claims of fraudulent conveyance, breach of fiduciary duty, and constructive trust against Sanford were then set for trial.

On January 25, 2018, the Court issued an order explaining that the plaintiffs' pretrial materials "appeared to assert different theories of liability than were pleaded in the SAC for their actual fraudulent conveyance and breach of fiduciary duty claims against Sanford." Phillips III, 2018 WL 1320267, at *2. After discussing this issue with the parties at a conference

---

[1] The Court ordered entry of default against Pursuit on December 2, 2016, because no counsel had entered a notice of appearance on its behalf.

3

held on January 31, the Court dismissed the remaining claims with prejudice and vacated the default judgment against Pursuit. See id. at *2-3. An order explaining the reasons for the dismissal was issued on February 1, and final judgment was entered on February 5, 2018.

The Knopfs appealed the February 5 judgment on March 6. On July 10, Phillips filed a motion for attorneys' fees pursuant to 28 U.S.C. § 1927. The motion became fully submitted on August 3, 2018.

## Discussion

Phillips styles his motion as one for fees pursuant to the Section 1927 and the Court's inherent powers. His papers, however, make no argument why the Court should exercise its inherent powers to sanction Berry or the Knopfs. Accordingly, Phillips is not entitled to sanctions under the Court's inherent powers.

Section 1927 provides that

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Sanctions may be imposed pursuant to Section 1927 "only when there is a finding of conduct constituting or

4

akin to bad faith." 16 Casa Duse, LLC v. Merkin, 791 F.3d 247, 264 (2d Cir. 2015) (citation omitted). The attorney's actions must be "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Id. (citation omitted).

Phillips principally advances two grounds in support of his motion. First, he argues that Berry engaged in bad faith conduct during the discovery process such that proceedings were multiplied. Second, Phillips asserts that this action was filed in bad faith to multiply proceedings against parties and entities associated with Sanford. Neither argument is persuasive.

First, the record of the discovery process in this case does not support a finding that Berry "unreasonably and vexatiously" multiplied proceedings. 28 U.S.C. § 1927. Phillips relies on the fact that the plaintiffs deposed six non-party witnesses as evidence of multiplied proceedings. Berry acted in a less-than-admirable manner throughout this action and the related federal actions. But, the docket reflects that Phillips did not object contemporaneously to this Court, which was supervising discovery, to the number of non-party depositions Berry took, or to the manner in which Berry conducted himself, during the ten months of discovery in this

5

action.² He did not raise the issue at all until he filed this motion in July 2018, nearly seven months after the claims against him were dismissed -- and nine months after the close of discovery.³ This delay undermines his claim that Berry's actions were so vexatious as to constitute bad faith.

Phillips's second argument attempts to align this case with the related action Knopf v. Esposito, in which Section 1927 sanctions were granted against Berry. See Knopf v. Espotio, No. 17cv5833(DLC), 2018 WL 1226023, at *4-6, *7 (S.D.N.Y. Mar. 5, 2018) (granting Section 1927 sanctions against Berry); Knopf v. Esposito, No. 17cv5833(DLC), 2018 WL 3579104, *5-6 (S.D.N.Y. July 25, 2018) (reducing the sanctions award in light of newly discovered evidence). Phillips's attempt to analogize the two actions fails.

In Knopf v. Esposito, orders of the New York Appellate Division expressly refuted the plaintiffs' theory of liability. See 2018 WL 3579104, at *5. This rendered the sole federal claim frivolous before it was filed. See id. In this case, the

---

² And, as the Knopfs point out, one of these depositions was initiated by Sanford, not by the Knopfs.

³ Section 1927 motions are expressly exempted by Rule 54(d)(2)(E), Fed. R. Civ. P., from the usual 14-day time limit to bring a motion for attorneys' fees. See Fed. R. Civ. P. 54(d)(2)(B)(i). The Second Circuit has not established a time limit for filing motions for Section 1927 sanctions. The Court does not address the timeliness of Phillips's motion because it fails on the merits.

actual and constructive fraudulent conveyance claims brought against Phillips survived a motion to dismiss. Even the claims against Sanford, which were later dismissed, were not dismissed because they were frivolous, but rather because the Knopfs' theories of liability had varied so significantly between the SAC and the pretrial materials. Moreover, it is significant that the Knopfs brought this suit against the actual parties to the PHC transaction, as opposed to Knopf v. Esposito, where a number of attorneys "with the most tenuous connection to the sale of PHC" were named as defendants. 2018 WL 1226023, at *6. Phillips may not have been party to a fraudulent conveyance, but he was the actual buyer of PHC, and thus far more closely related to the transaction than were several of the Knopf v. Esposito defendants. Therefore, and unlike in the Knopf v. Esposito action, it does not appear that this case was filed to target individuals solely because of their association with Sanford.

## Conclusion

Phillips's July 10, 2018 motion for attorneys' fees is denied.

Dated: New York, New York
August 27, 2018

_____
DENISE COTE
United States District Judge