```
---------------------------------------- X
                                         :
NORMA KNOPF and MICHAEL KNOPF,           :
                                         :   16cv6601 (DLC)
                    Plaintiffs,          :
             -v-                         :   17cv5833 (DLC)
                                         :
MICHAEL PHILLIPS, PURSUIT HOLDINGS,      :   OPINION AND ORDER
LLC, and MICHAEL H. SANFORD,             :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X

---------------------------------------- X
                                         :
NORMA KNOPF and MICHAEL KNOPF,           :
                                         :
                    Plaintiffs,          :
             -v-                         :
                                         :
FRANK M. ESPOSITO, DORSEY & WHITNEY      :
LLP, NATHANIEL AKERMAN, EDWARD           :
FELDMAN, and MICHAEL SANFORD,            :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

Appearances

For the plaintiffs:
Eric William Berry
Eric W. Berry, PC
5 Columbus Circle, 8th Floor
New York, NY 10022

For the defendant Michael Phillips:
Lorraine Nadel
Nadel & Ciarlo P.C.
3 East 54th Street, 16th Floor
New York, NY 10022

For the defendant Michael Sanford:
Michael H. Sanford
10 Bedford Street

New York, NY 10014

For the defendant Frank Esposito:
Frank Esposito
Esposito Partners
175 Madison Avenue, 14th Floor
New York, NY 10016

For the defendants Dorsey & Whitney
LLP and Nathanial Akerman:
Nathaniel Akerman
Anthony Peter Badaracco
Dorsey & Whitney LLP
51 West 52nd Street
New York, NY 10019

For the defendant Edward Feldman:
Edward Feldman
Feldman & Associates, P.L.L.C.
33 East 33rd Street
Suite 802
New York, NY 10016

DENISE COTE, District Judge:

The plaintiffs have moved to recuse this Court from continued oversight of this litigation.  The motion is denied.

The disputes between the parties involve substantial, longstanding litigation in state court and four related actions filed in federal court.  The two federal actions at issue here shall be referred to as the Section 1983 Action and the Breach of Contract Action.

The Section 1983 Action was filed on August 2, 2017.  On December 7, 2017, the Court granted defendants' motion to dismiss plaintiffs' claim brought pursuant to 42 U.S.C. § 1983

and declined to exercise supplemental jurisdiction over plaintiffs' state law claims. Knopf v. Esposito, No. 17CV5833 (DLC), 2017 WL 6210851, at *8 (S.D.N.Y. Dec. 7, 2017). On March 5, 2018, the Court sanctioned plaintiffs and their attorney, Eric Berry. Knopf v. Esposito, No. 17CV5833 (DLC), 2018 WL 1226023, at *1 (S.D.N.Y. Mar. 5, 2018). That sanctions decision was revised and the sanctions were reduced in an Opinion issued in July of 2018. Knopf v. Esposito, No. 17CV5833 (DLC), 2018 WL 3579104, at *6 (S.D.N.Y. July 25, 2018).

Meanwhile, the plaintiffs filed the Breach of Contract Action on August 22, 2016. On December 2, 2016, the Court entered default against Pursuit Holdings LLC ("Pursuit") with respect to plaintiffs' breach-of-contract claim after no attorney appeared on its behalf. On December 12, 2016, the Court granted Phillips' motion to dismiss plaintiffs' tortious interference with contract claim brought against him individually. Knopf v. Phillips, No. 16CV6601(DLC), 2016 WL 7192102, at *1 (S.D.N.Y. Dec. 12, 2016). In December 2017, Phillips was granted summary judgment on the sole surviving claim brought against him, a claim for fraudulent conveyance. Knopf v. Phillips, No. 16CV6601(DLC), 2017 WL 6561163, at *13 (S.D.N.Y. Dec. 22, 2017). The Knopfs' motion for summary judgment was granted to the extent that Michael Sanford was

3

declared an alter ego of Pursuit.  Id. at *11-13.  The claims against Sanford as an alter ego of Pursuit were set for trial.  They were claims for constructive and actual fraudulent conveyance, breach of fiduciary duty, and imposition of a constructive trust.  At the final pretrial conference on January 31, 2018, the Court dismissed the remaining claims against Sanford with prejudice, vacated the default entered against Pursuit, and dismissed the claims against Pursuit.  Knopf v. Phillips, No. 16CV6601(DLC), 2018 WL 1320267, at *3 (S.D.N.Y. Feb. 1, 2018).

In two summary orders of February 25, 2020, the Second Circuit Court of Appeals reversed the dismissals of the two actions.  It vacated the dismissal and the post-judgment sanctions orders in the Section 1983 Action.  While it affirmed the dismissal of plaintiffs' tortious interference claim against Phillips in the Breach of Contract Action, it vacated the dismissal of the fraudulent conveyance claim against Phillips, and the dismissal of the claims against Sanford and Pursuit.

On March 4, plaintiffs filed motions for recusal and reassignment of the further proceedings in both cases.  The mandates returning jurisdiction to this Court issued on April 8 and 17.  Plaintiffs' motions for recusal were fully submitted by May 8.

Pursuant to 28 U.S.C. § 455(a), a judge must recuse herself "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a); see Cox v. Onondaga Cty. Sheriff's Dep't, 760 F.3d 139, 150 (2d Cir. 2014). Similarly, under 28 U.S.C. § 144 and § 455(b)(1), a judge must recuse herself whenever she has a "personal bias or prejudice" concerning a party. "[A] judge has an affirmative duty to inquire into the legal sufficiency of" allegations of bias and prejudice, however, "and not to disqualify [her]self unnecessarily, particularly where the request for disqualification was not made at the threshold of the litigation and the judge has acquired a valuable background of experience." LoCascio v. United States, 473 F.3d 493, 498 (2d Cir. 2007) (citation omitted). "[R]ecusal motions are to be made at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." Id. at 497 (citation omitted).

To be disqualifying, "the alleged bias and prejudice must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from [her] participation in the case." S.E.C. v. Razmilovic, 738 F.3d 14, 29 (2d Cir. 2013) (emphasis in original) (citation omitted); see also Liteky v. United States, 510 U.S. 540, 555

(1994). Recusal is required where "an objective, disinterested observer fully informed of the underlying facts, would entertain significant doubt that justice would be done absent recusal." Cox, 760 F.3d at 150 (citation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." LoCascio, 473 F.3d at 495 (citation omitted).

> [R]ecusal is not warranted where the only challenged conduct consists of judicial rulings, routine trial administration efforts, and ordinary admonishments to counsel and to witnesses, where the conduct occurs during judicial proceedings, and where the judge neither (1) relies upon knowledge acquired outside such proceedings nor (2) displays deep-seated and unequivocal antagonism that would render fair judgment impossible.

Razmilovic, 738 F.3d at 29-30 (citation omitted).

Plaintiffs principally argue that recusal is necessary because many of this Court's rulings were wrong and have been reversed on appeal. They contend that these rulings displayed animus towards plaintiffs' counsel and favoritism towards defendants. They argue that this Court should not have sanctioned either plaintiffs' counsel or the plaintiffs but should have imposed sanctions instead on Nathaniel Akerman and Dorsey & Whitney LLP.[1] In their reply they add that the Court

---

[1] In making this argument, the plaintiffs do not take issue with the facts underlying the decision to impose sanctions for their

cannot fairly assess defendant Akerman's credibility because he and this Court both served in the United States Attorney's Office for the Southern District of New York at the same time roughly forty years ago.

Error in rulings is always to be regretted, but the fact that rulings by a district court have been reversed on appeal is not a ground for recusal of the district court judge.  All of the rulings, whether made in error or not, are an outgrowth of the matters presented to the Court during the litigation, and do not emanate from any extrajudicial knowledge of the parties, their claims, or their defenses.

The fact that these motions for recusal are brought after more than three years of litigation before this Court is yet another reason for denying the motions.  Any reassignment of these actions at this stage would unfairly burden another court.

Finally, no reasonable person, fully informed of all pertinent facts, would have significant doubt that justice could be done in the litigation even though some four decades earlier a judge and a party worked for the same employer, as did scores

---

attorney's conduct.  For instance, the plaintiffs do not deny that their attorney falsely stated five times during Sanford's deposition that he was not recording that deposition.  The attorney later emailed a video recording of Sanford's deposition to Esposito.  Knopf v. Esposito, No. 17CV5833(DLC), 2018 WL 3579104, at *5 (S.D.N.Y. July 25, 2018).

of other lawyers.[2]  Suggesting that recusal is required in such circumstances is an extreme argument that requires no further discussion.

## Conclusion

The plaintiffs' March 4 motions for recusal are denied.

Dated:    New York, New York
          May 29, 2020

```
                              _____
                                    DENISE COTE
                              United States District Judge
```

---

[2] The plaintiffs acknowledge that in a conference in 2015 in related litigation this Court disclosed to all parties that she knew Akerman, who at that time was representing defendant Sanford.