```
---------------------------------------- X
                                         :
NORMA KNOPF and MICHAEL KNOPF,           :
                                         :       16cv6601 (DLC)
                    Plaintiffs,          :
               -v-                       :       17cv5833 (DLC)
                                         :
MICHAEL PHILLIPS, PURSUIT HOLDINGS,      :       ORDER
LLC, and MICHAEL H. SANFORD,             :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X

---------------------------------------- X
                                         :
NORMA KNOPF and MICHAEL KNOPF,           :
                                         :
                    Plaintiffs,          :
               -v-                       :
                                         :
FRANK M. ESPOSITO, DORSEY & WHITNEY      :
LLP, NATHANIEL AKERMAN, EDWARD           :
FELDMAN, and MICHAEL SANFORD,            :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On June 30, defendant Michael Sanford moved for dismissal of the claims against him in both of the above-captioned actions. The plaintiffs consented to that dismissal on July 1 and July 2. On July 16, defendant Frank Esposito requested a stay of discovery in the Esposito Action. The plaintiffs have objected. In response to the Court's request, the parties submitted on July 23, 24, and 27 their proposals for further proceedings in these actions. The parties consent to a stay of

the Phillips Action, pending the completion of discovery in the Esposito Action, and the consolidation of the cases for trial.

As set forth in their submissions, the plaintiffs intend to proceed with the claims of actual fraudulent conveyance under the New York Debtor and Creditor Law against Michael Phillips in the Phillips Action.  In the Esposito Action, the plaintiffs intend to pursue the claims brought pursuant to 42 U.S.C. § 1983 against Dorsey & Whitney LLP, Akerman, Esposito, and Feldman.  Accordingly, it is hereby

ORDERED that all claims against Sanford are dismissed in both the Phillips Action and the Esposito Action.

IT IS FURTHER ORDERED that the Phillips Action is stayed pending the completion of discovery and any summary judgment practice in the Esposito Action.

IT IS FURTHER ORDERED that the Phillips Action and the Esposito Action shall be consolidated for trial.

IT IS FURTHER ORDERED that defendant Michael Phillips shall be permitted to participate in discovery in the Esposito Action.

IT IS FURTHER ORDERED that Esposito's request for a ninety-day stay of discovery is granted.  The following schedule shall govern the further conduct of pretrial proceedings in the Esposito Action:

1. All fact discovery must be completed by **February 19, 2021**. On consent, the parties may extend fact discovery into the period for expert discovery.

2. Expert reports and disclosure of expert testimony conforming to the requirements of Rule 26(a)(2)(B), Fed. R. Civ. P., by the party bearing the burden on an issue must be served by **March 26, 2021**. Identification of rebuttal experts and disclosure of their expert testimony must occur by **April 23**.

3. All fact and expert discovery must be completed by **May 14, 2021**.

4. Pursuant to Rules 30(b)(3) and (b)(4), Fed. R. Civ. P., all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means.  This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer.  For avoidance of doubt, however, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

5. In the event that a deponent has been previously deposed in this or any related action, the party scheduling such deposition may not depose the witness for more than two additional hours, unless the parties consent to an extension.

6. The following motion will be served by the dates indicated below.

    Any motion for Summary Judgment

3

      -     Motion served by **May 28, 2021**
      -     Opposition served by **June 18**
      -     Reply served by **July 1**

7. In the event no motion is filed, the Joint Pretrial Order must be filed by **May 28, 2021.**

   As described in greater detail in this Court's Individual Practices in Civil Cases, the following documents must be filed with the Pretrial Order: Voir Dire, Requests to Charge and a Memorandum of Law addressing all questions of law expected to arise at trial. Any responsive papers are due one week thereafter. In the event a party does not file a Memorandum of Law, a responsive Memorandum of Law should not be submitted unless in reply to an unanticipated legal argument in the other party's Memorandum of Law.

IT IS FURTHER ORDERED that, should any party object to a portion of this Order other than the stay of discovery in the Esposito Action, they may file a letter on ECF no longer than two pages by **August 7, 2020.**

IT IS FURTHER ORDERED that the conference scheduled for July 31, 2020 is cancelled.

IT IS FURTHER ORDERED that the parties shall attempt to resolve any discovery dispute in good faith through a meet and confer process. Should a dispute remain unresolved after that process, it may be brought to the Court's attention in a letter

4

no longer than two pages.

    SO ORDERED:

Dated:    New York, New York
            July 30, 2020

                                      _____
                                        DENISE COTE
                              United States District Judge